**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco Incorporated, | No. CV-23-02549-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Muhammad Arslan, et al., | |
| Defendants. | |

Plaintiff Whaleco Incorporated operates an e-commerce platform called TEMU, which launched in the United States in September 2022 using the TEMU name and trademark, including a distinctive orange logo. Whaleco alleges that a host of websites are infringing its trademarks and has sued the infringing websites *in rem* and the owners of these websites personally under federal and state trademark laws. (Doc. 29.) Whaleco previously sought and was granted an *ex parte* temporary restraining order requiring, among other things, that Defendants disable the infringing websites and cease further infringing activities. (Docs. 10, 18.) In granting that relief, the Court found Whaleco was likely to succeed on the merits of its claims. (Doc. 18.) That *ex parte* TRO later was converted to a preliminary injunction after Defendants failed to appear and respond to the preliminary injunction motion, despite being served. (Docs. 21, 23.) Whaleco subsequently applied for entry of default against Defendants, which the Clerk of the Court granted. (Docs. 35, 36.) Now before the Court is Whaleco's motion for entry of a default judgment.

(Doc. 38.)

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

These factors favor entry of default judgment. Whaleco's Verified Second Amended Complaint (Doc. 29) sufficiently alleges claims of trademark infringement and unfair competition under 15 U.S.C. § 1114, 15 U.S.C. § 1125, and Arizona common law; counterfeiting under 15 U.S.C. §§ 1114(1)(b), 1116(d); cybersquatting under 15 U.S.C. § 1125(d)(1)(A); and trademark dilution under 15 U.S.C. § 1125(c) and A.R.S. § 44-1448.01. In granting preliminary injunctive relief, the Court previously determined that Whaleco is likely to succeed on its claims, and by failing to appear and defend against the allegations, Defendants have done nothing to dispel the Court's assessment. If default judgment is not granted, Whaleco "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Because Defendants are in default, there are no genuine factual disputes that would preclude granting the motion. *Id.* There is no evidence that Defendants' default was the result of excusable neglect. Whaleco seeks statutory damages against Defendant Eric Jones in the amount of $50,000; Defendants Joseph Nguyen and Philip Ja in the amount of $100,000 each; Defendants Cong Yan and Ayoub Gege in the amount of $150,000 each; Defendant Muhammad Arslan in the amount

of $200,000; Defendants Arvind Mishra and Mithila Carols in the amount of $200,000 each; Defendant Mostafa Ibnelkhattab in the amount of $250,000; and Defendants Frances Clarke, Mobidea Limited, Norris Bellemare, Charles Young, Edward Beattie, Vitalii Korotieiev, and Mike Seaver jointly and severally in the amount of $500,000. Whaleo also seeks a permanent injunction and an award of attorney fees. (Doc. 38-2.) Although these amounts are substantial, they are supported by the facts and law as detailed in Whaleco's motion. (Doc. 38 at 17-22.) Finally, although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Accordingly,

**IT IS ORDERED** that Whaleco's motion for default judgment (Doc. 38) is **GRANTED** as follows:

1. Judgment will be entered in favor of Whaleco on all claims alleged in the Verified Second Amended Complaint (Doc. 29);
2. Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them having notice of this Order, are permanently enjoined from violating the TEMU Marks (as that term is defined in Whaleco's motion for entry of default judgment) by:
    a. Using, registering, or seeking to use or register any name, mark, trade name, company name, domain name, source identifier, or designation comprised of or containing the TEMU mark, logo, or any similar term(s) or design in any manner likely to cause confusion with Whaleco and/or the TEMU Marks or to otherwise injure Whaleco and/or its goodwill and reputation;
    b. Representing, by any means whatsoever, directly or indirectly, that Defendants, their services/goods, and/or their activities originate from, are sponsored by, or are associated, affiliated, or connected with Whaleco in any way;

      c. Using, linking, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names or any other domain name that incorporates, in whole or in part, any of the TEMU Marks, or any domain name that is used in connection with any infringing website or webpage;

      d. Creating, operating, owning, overseeing, or otherwise exercising control over any infringing website, webpage or parked page embedding, incorporating, including, or otherwise displaying the TEMU Marks, or any version of Whaleco's names in promotion, advertising, or pay per click campaigns; and Assisting, aiding, and/or abetting any other person or business entity in engaging in or performing any of the above activities.

3. Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), within 10 days from the date of service of this Order, Namecheap, Inc. shall transfer the Infringing Domain Names (as that term is defined in Whaleco's motion for default judgment) to Whaleco, and the Cybersquatting Defendants (as that term is defined in Whaleco's motion for default judgment) shall not take any action to interfere with or prevent such transfer of the Infringing Domain Names. Because Cybersquatting Defendants have not appeared in this action and are in default, this Order authorizes Namecheap, Inc. to transfer the Infringing Domain Names to Whaleco without consent or other action by Cybersquatting Defendants;

4. Within 10 days from the date of service of this Order, Cybersquatting Defendants shall transfer all domain names that include or resemble the TEMU Marks that are registered or owned by Cybersquatting Defendants, whether registered through Namecheap, Inc. or any other domain name register, including without limitation the Infringing Domain Names;

5. The Individual Defendants (as that term is defined in Whaleco's motion for default judgment) shall pay statutory damages to Whaleco as follows:

      a. Pursuant to 15 U.S.C. § 1117(c)(2) and/or 15 U.S.C. 1117(d), Defendant Eric Jones to pay $50,000;

      b. Pursuant to 15 U.S.C. § 1117(c)(2) and/or 15 U.S.C. 1117(d), Defendants Joseph Nguyen and Philip Ja each to pay $100,000;

      c. Pursuant to 15 U.S.C. § 1117(c)(2) and/or 15 U.S.C. 1117(d), Defendants Cong Yan and Ayoub Gege each to pay $150,000;

      d. Pursuant to 15 U.S.C. § 1117(c)(2) and/or 15 U.S.C. 1117(d), Defendant Muhammad Arslan to pay $200,000;

      e. Pursuant to 15 U.S.C. § 1117(c)(2), Defendants Arvind Mishra and Mithila Carols each to pay $200,000;

      f. Pursuant to 15 U.S.C. § 1117(c)(2) and/or 15 U.S.C. 1117(d), Defendant Mostafa Ibnelkhattab to pay $250,000;

      g. Pursuant to 15 U.S.C. § 1117(c)(2), Defendants Frances Clarke, Mobidea Limited, Norris Bellemare, Charles Young, Edward Beattie, Vitalii Korotieiev, and Mike Seaver jointly and severally to pay $500,000.

6. Whaleo may apply for its reasonable attorney fees within 14 days from the date of this Order.

7. The Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 5th day of March, 2025.

_____
Douglas L. Rayes
Senior United States District Judge